## JAMES v. STANDARD OIL CO. OF NEW YORK.

(District Court, S. D. New York. June 5, 1911.)

SHIPPING (§ 132*)—CARRIAGE OF GOODS—SHORT DELIVERY—EVIDENCE.

While the statement in a bill of lading of the quantity of cargo received is strong prima facie evidence of such receipt, it is not conclusive on the vessel owner; and where it is clearly shown that all that was received was delivered, the owner cannot be held liable for a shortage because of an erroneous statement in the bill of lading given by the master.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 479–482; Dec. Dig. § 132.*]

In Admiralty. Suit by Leonard F. James, as master of the steamship Erroll, against the Standard Oil Company of New York. Decree for libelant.

Convers & Kirlin (Charles R. Hickox, of counsel), for libelant.
Burlingham, Montgomery & Beecher (Charles C. Burlingham and Robinson Leech, of counsel), for respondent.

HOLT, District Judge. This is a libel filed by the master of the steamship Erroll to recover from the charterer an amount deducted from the freight, amounting to $760.71. The Erroll was chartered to the respondent for a voyage from the port of New York, first to Saigon, and then to Bangkok, for the carriage of a cargo of refined petroleum in cases, at the rate of 17 cents a case delivered. The bill of lading acknowledged the receipt of 145,229 cases of petroleum.

The evidence shows that 80,000 cases were delivered at Saigon, and 64,565 cases at Bangkok, making a total of 144,565 cases delivered at both ports. The charterer deducted from the freight the value of 664 cases, the difference between the 145,229 cases stated in the bill of lading and the 144,565 delivered, on the ground that 145,229 cases were put on the vessel, 664 of which were not delivered.

The proof satisfies me that a correct tally was taken of the number of cases delivered, both at Saigon and at Bangkok. The tally was taken by officers of the ship, and the delivery was made to lighters. The ship did not discharge at any wharf, and there was not any opportunity for any theft during the discharge. The proof also satisfies me that there was not any opportunity for the abstraction of any of the cases during the voyage, and the evidence is clear that all the cases that remained in the ship, after the 80,000 were delivered at Saigon, were delivered at Bangkok. It follows, therefore, that the number of cases that was taken on board was the same as the number of cases delivered; that is, 144,565. The deduction from freight is based on the claim that there were 145,229 cases received on board. This is the number stated in the bill of lading, and the statement in the bill of lading of the number of cases received is strong prima facie evidence of such receipt; but it is not conclusive. The steamer was obliged to deliver only what it actually received, and her master had no power, under the federal authorities, to bind the owners by giving a bill of lading which contained an erroneous recital of the number of cases received.

It follows, therefore, that the assumption of the respondent that the recital in the bill of lading was correct is erroneous, that it therefore had no right to deduct from the freight the sum of $760.71, and that the libelant is entitled to recover that amount, with interest and costs.